SIDNEY L. SMITH AND SIDNEY O. SMITH, TRUSTEE FOR
SIDNEY L. SMITH, PLAINTIFF AND APPELLANT, v. HESTER C.
DAVIS AND MARGARET D. SARSFIELD, DEFENDANTS AND
RESPONDENTS.

No. 11796.
Submitted Sept. 18, 1970.
Decided Nov. 17, 1970.
477 P 2d 114.

Leo J. Kottas, argued, Helena, Stanley M. Doyle, argued,
Polson, Sidney O. Smith, Helena, for plaintiff and appellant.

Joseph J. McCaffery, Jr., argued, George Sarsfield appeared,
Butte, for defendants and respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the district court of the
second judicial district, Hon. James D. Freebourn presiding, en-
tered after granting defendants' motion to dismiss. Plaintiffs,
Sidney L. Smith and Sidney O. Smith, instituted the action to
quiet title to property and buildings located at 510 South Mon-
tana Street in Butte, Montana.

It would appear that the pleadings and the district court file that the facts are as follows: Plaintiffs allege that in May 1950 one B. Irene Johnson made a note payable to Sidney L. Smith for $10,000. The property above described was alleged to be the collateral for the note and since the note was never paid, plaintiffs allege the property now belongs to Sidney L. Smith.

Further, that on April 25, 1953 the same B. Irene Johnson executed a promissory note to one G. V. Brew who later assigned the note to one of the defendants here, Hester C. Davis. This note also had as collateral the above described property.

The record reveals that plaintiffs' alleged mortgage was never recorded, but on April 27, 1953 the mortgage to G. V. Brew was recorded and the assignment to Hester C. Davis was recorded on May 14, 1954.

Defendants' motion to dismiss was made and granted on several allegations of the defendants which plaintiffs failed to rebut or even fully answer. Defendants allege that plaintiffs' mortgage was not the first mortgage because it did not comply with Montana law. Section 52-203, R.C.M.1947, states:

"A mortgage of real property can be created, renewed, or extended, only by writing, with the formalities required in the case of a grant of real property."

Section 52-212, R.C.M.1947, defines the law applicable to mortgages and states in part:

"All mortgages * * * of both real and personal property * * * must be recorded in the office of the county clerk of every county where any part of said property is situated * * *. The recording of such an instrument shall be notice of the rights of the parties under the same."

Defendants reason that since plaintiffs did not allege that the note was in writing or that it was recorded, it is not a valid mortgage. Plaintiffs did not answer brief on the motion to dismiss; therefore the district court found that the failure of plaintiffs to rebut defendants' allegations resulted in an assumption that defendants' motion was well taken.

The statutory provisions are explicit. In order for one to have

a legally enforceable mortgage under circumstances here, it must be recorded according to the procedures found in section 52-212, R.C.M.1947. The purpose of this statute is clear; to place all persons on notice of another's property rights. Since it appears from the evidence presented that the alleged mortgage of plaintiffs was not recorded, it must fail.

The decision of the district court is affirmed. Defendants moved for costs and attorney fees under Rule 11, M.R.Civ.P., but we hereby deny the same.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, HASWELL and DALY, concur.